Mr. C. William Ossmann Crime Victims Compensation Board Jayhawk Tower, Suite 400 700 S.W. Jackson Topeka, Kansas 66603-3741
Dear Mr. Ossmann:
As chairperson of the crime victims compensation board, you request our opinion regarding the proper definition of personal injury as that term is used in subsections (e)(2) and (m) of K.S.A. 1991 Supp 74-7301.
K.S.A. 1991 Supp. 74-7301 provides in part:
 "(e) `Criminally injurious conduct' means conduct that . . . (2) poses a substantial threat or [sic] personal injury or death;
. . . .
 "(m) `Victim' means a person who suffers personal injury or death as a result of: (1) Criminally injurious conduct; (2) the good faith effort of any person to prevent criminally injurious conduct; or (3) the good faith effort of any person to apprehend a person suspected of engaging in criminally injurious conduct."
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). The fundamental rule of statutory construction is that the intent of the legislature governs. House v. American Family Mutual Ins. Co.,251 Kan. 419, 423 (1992). In construing statutes, the legislative intent is to be determined from a general consideration of the entire act. Todd,251 Kan. at 516. When construing a statute a court must give words in common usage their natural and ordinary meaning. House, 251 Kan. at 423. Statutes providing for an award of compensation to crime victims are remedial in nature; it has been held that they should be construed liberally with a view toward the effective administration of justice and not in such a way as to defeat or frustrate the intention of the legislature in enacting them. 21A Am.Jur.2d Criminal Law sec. 1053 (1981).
Personal injury is defined in Webster's Third New International Dictionary of the English Language Unabridged 1686 (1986) as:
 "1: an injury affecting one's physical and mental person as contrasted with one causing damage to one's property 2: an injury giving rise to a personal action at law."
A review of the legislative history of K.S.A. 1991 Supp. 74-7301
provides no indication that the legislature intended a definition of personal injury other than that commonly understood. Taking into consideration the purpose for implementing the act regarding the crime victims compensation board, see Attorney General Opinion No. 92-26, and that such statutes are to be liberally construed, we believe that the legislature intended the definition of personal injury to be that set forth above.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm